**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X

ROSA M. NAREA,

                Plaintiff,

   - against -

TARGET CORPORATION,

                Defendant.

------------------------------------------X

Docket No.: 07-CV-7184

**ANSWER**

J. McKenna

M. Eaton

      Defendant, TARGET CORPORATION (hereinafter "TARGET"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for its answer to the complaint of plaintiff, responds as follows:

      1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the complaint.

      2.   Denies the allegations contained in numbered paragraph "2" of the complaint.

      3.   Denies the allegations contained in numbered paragraph "3" of the complaint, except admits TARGET was and still is a foreign corporation authorized to conduct business in the State of New York.

      4.   Denies the allegations contained in numbered paragraph "4" of the complaint.

      5.   Denies the allegations contained in numbered paragraph "5" of the complaint.

6. Denies the allegations contained in numbered paragraph "6" of the complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "7" of the complaint.

8. Denies the allegations contained in numbered paragraph "8" of the complaint, except admits TARGET operated a retail store located at 40 West 225th Street, Bronx, New York.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "9" of the complaint and leaves all questions of law to the court.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "10" of the complaint and leaves all questions of law to the court.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "11" of the complaint and leaves all questions of law to the court.

12. Denies the allegations contained in numbered paragraph "12" of the complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph "13" of the complaint and leaves all questions of law to the court.

16. Denies the allegations contained in numbered paragraph "14" of the complaint.

15. Denies the allegations contained in numbered paragraph "15" of the complaint.

16. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause".

17. Defendant TARGET demands that liability, if any, be apportioned.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's complaint fails to state a cause of action.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

19. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of the defendant.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

20. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of

damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injuries.

### AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

21.  Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

22.  Upon information and belief, defendant had never received actual or constructive notice of any defective or dangerous condition or environment, and therefore, it cannot be liable for any alleged injuries suffered by plaintiff.

### AS AND FOR A
### SIXTH AFFIRMATIVE DEFENSE

23.  If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

24.  Upon information and belief, if plaintiff suffered any damages as alleged in the complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

**AS AND FOR AN**
**EIGHTH AFFIRMATIVE DEFENSE**

25.  If plaintiff suffered damages as alleged, then plaintiff failed to mitigate damages.

**AS AND FOR A**
**NINTH AFFIRMATIVE DEFENSE**

26.  If plaintiff herein has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:   Syosset, New York
         August 13, 2007

                            **SIMMONS, JANNACE & STAGG, L.L.P.**

                            BY: _s/Sal F. DeLuca
                                 SAL F. DeLUCA (sd-2354)

                            Attorneys for Defendant
                            TARGET CORPORATION
                            **Office & P.O. Address:**
                            75 Jackson Avenue, Suite 100
                            Syosset, New York 11791-3139
                            (516) 357-8100

TO:

MALLILO & GROSSMAN, ESQS.
Attorneys for Plaintiff
ROSA M. NAREA
**Office & P.O. Address:**
163-09 Northern Blvd.
Flushing, New York 11358
(718) 461-6633

answer.federal

**CERTIFICATE OF SERVICE**

**RE:**     **ROSA M. NAREA V. TARGET CORPORATION**
            **CIVIL ACTION CV 07-7184 J. McKenna, M. Eaton**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **DEFENDANT'S ANSWER** was made on August 13, 2007 by:

XX   Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:


MALLILO & GROSSMAN, ESQS.
Attorneys for Plaintiff
ROSA M. NAREA
**Office & P.O. Address:**
163-09 Northern Blvd.
Flushing, New York 11358
(718) 461-6633


Under penalty of perjury, I declare that the foregoing is true and correct.

                                        ____s/Marilyn C. Avondet_____
                                             MARILYN C. AVONDET

Sworn to before me this
13th day of August, 2007

_s/Josephine  Riselvato Exp. 6/25/11_____
NOTARY PUBLIC   Suffolk County No.: 01R16169418

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100

**7**